■ In the Matter of TIAHEK Q., a Person Alleged to be in Need of Supervision. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, *Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Erie County Family Court, Manz, J.—Modify Dispositional Order.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.

■ In the Matter of TIAHEK Q., a Person Alleged to be in Need of Supervision. (Appeal No. 2.)—Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the following Memorandum: After a fact-finding hearing on a juvenile delinquency petition, respondent was adjudicated a Person in Need of Supervision and placed accordingly (see, Family Ct Act § 311.4 [2]). On a subsequent petition to transfer respondent to a more structured facility, the court was advised that the only available placement was with the Division for Youth as a juvenile delinquent. The court then

readjudicated respondent a juvenile delinquent in order to place him in a more structured facility.

The court had no authority to readjudicate respondent a juvenile delinquent in order to facilitate a transfer. The court had authority to order a transfer only if it "was authorized to make such placement upon the original adjudication" (Family Ct Act § 775 [a] [ii]). Moreover, there is no provision in the Family Court Act authorizing the court to substitute a finding that respondent is a juvenile delinquent for a finding that the respondent is a Person in Need of Supervision (cf., Family Ct Act § 311.4 [2]).

Accordingly, the adjudication of respondent as a juvenile delinquent is hereby vacated and this matter is remitted for a hearing pursuant to Family Court Act § 775 so that a proper transfer can be based upon respondent's adjudication as a Person in Need of Supervision. (Appeal from Order of Erie County Family Court, Manz, J.—Modification of Court Order.) Present—Denman, P. J., Boomer, Pine, Lawton and Davis, JJ.